UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CAMPUS ST. JAMES LARKSPUR, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SANITARY DISTRICT NO. 1 OF MARIN COUNTY, a political subdivision, and DOES 1 through 50, inclusive,<br>Defendants. | Case No: C 09-5359 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Docket No. 12] |

Plaintiff Campus St. James Larkspur, LLC ("Plaintiff") brings this action against defendant Sanitary District No. 1 of Marin County ("Defendant") alleging, *inter alia*, breach of contract and warranties arising from the purchase of land from Defendant. The parties are presently before the Court on Plaintiff's Motion to Remand Civil Action. The Court, having considered papers in support and in opposition to the Motion, hereby finds as follows[1]:

1. On November 13, 2009, the Defendant filed its Notice of Removal of Civil Action on the grounds that Plaintiff's complaint arises under federal law and alleges federal causes of action. (Docket No. 1)

2. On December 21, 2001, Plaintiff filed the instant Motion to Remand Civil Action. (Docket No. 12.)

3. The federal removal statute, 28 U.S.C. 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The district courts have original jurisdiction over all civil actions

---

[1] The Court finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Wayne v. DHL Worldwide Express* 294 F.3d 1179, 1183-1185 (9th Cir. 2002). A civil action "arises under" federal law if: (1) the federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

4. There is a strong presumption against removal jurisdiction and the removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir.1992). The removing defendant bears the burden of proving the existence of jurisdictional facts. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

5. Federal question jurisdiction is governed by the "well-pleaded complaint rule." Under this rule, federal question jurisdiction is proper only when a federal question appears on the face of a well-pleaded complaint. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams* 482 U.S. 386, 392 (1987). Plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Id.* Defendant cannot remove a matter to federal court solely on the basis of a federal defense. *Caterpillar, supra*, 482 U.S. at 393; *see Guinasso v. Pacific First Federal Savings and Loan Ass'n.*, 656 F.2d 1364, 1366 (9th Cir. 1981) (citations omitted) ("Federal preemption is ordinarily a matter to be raised in defense. Taken alone, it is not a basis for removal.").

6. Plaintiff's complaint makes the following allegations: a. Plaintiff entered into a series of agreements to purchase certain real property from Defendant. b. Defendant agreed to transfer the property without any hazardous materials. c. Defendant placed hazardous materials on the property when it demolished a wastewater treatment plant and used the crushed materials from the plant to grade the property. d. The crushed materials contained PCBs, a hazardous material. e. Defendant originally undertook remediation of the property, but subsequently repudiated its obligations.

7. Based on these allegations, Plaintiff alleges six causes of action: 1. Specific Performance; 2. Breach of Contract; 3. Breach of Warranties; 4. Contribution and Indemnity under

California Carpenter-Presley-Tanner Hazardous Substance Account Act; 5. Declaratory Relief; and 6. Injunctive Relief.

       8.     None of the causes of action in Plaintiff's complaint are created by federal law.

       9.     None of the causes of action in Plaintiff's complaint depends on resolution of a substantial, disputed issue of federal law.

      10.    The fifth cause of action for Declaratory Relief does not present a separate and independent claim within the original jurisdiction conferred by 28 U.S.C. §1331.[2]

     Accordingly, Plaintiff's Motion to Remand is GRANTED and this action is remanded to Marin County Superior Court pursuant to 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.

Dated: 2/10/10

                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

---

[2] The Court notes that to the extent that Defendant's alleged violations also violate federal laws, they are not the basis of Plaintiff's causes of action or the relief it seeks. (Reply at 6:15-17) ("[Plaintiff], as master of its complaint, specifically asks for determination of [Defendant's] liability under the agreements between the parties and under the California environmental statute, not under any federal statute or regulation.")